KENNETH A. FEINSWOG
kfeinswog@aol.com
Bar No. 129562
6701 Center Drive West, Suite 610
Los Ángeles, California 90045
Telephone: (310) 846-5800
Fax: (310) 846-5801

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT
## OF CALIFORNIA

-------------------------------------------------------X

BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES, INC.

                    Plaintiff,

            -against-

JIN O. CHA a/k/a JIN CHA, OK SPORTSWEAR,
EZ SPORTSWEAR, CHANG OH KIM a/k/a
CHANG O. KIM a/k/a CHUCK KIM, EDEN
SPORTS, INC., JUSTIN JU, SY SPORTS,
SUSAN LEE a/k/a SUSAN YOON, LEE'S
FAMILY, INC., GREEN T CORP., KYUNG
SOOK MA, CESAR IGIESIAS, BLING BLING, INC.,
KAUH UN LEE, ARTHUR BERMAN, WACKY
PLANET a/k/a WACKYPLANET.COM, a/k/a
THEPLANETSHOPS.COM, DAVID AHOUBIAN,
a/k/a DAVID AHOUBIN a/k/a DAVID AHOUBIM,
D&T DISTRIBUTION, PARIS FASHIONS,
CLOTHING ISLAND a/k/a CLOTHINGISLAND.COM,
PRINT LIBERATION, JAIME DILLON, NICK
PAPARONE, DR. JAY'S, INC. a/k/a DR. JAYS

CIVIL ACTION NO.
09-9066 PSG (CWx)

RESPONSE TO
ORDER TO
SHOW CAUSE

Date:   June 28, 2010
Time:  1:30 p.m.
Ctrm:  880

1

a/k/a DR. JAYS.COM, MAGGI FASHION
WHOLESALE, INC., MANSOUR ROKHSARZADEH,
AZIZI AFSHIN a/k/a AFSHIN AZIZI, BARGIN
WHOLESALER CORPORATION a/k/a BARGIN
WHOLESALER.COM a/k/a WHOLESALECLOTHING
MARKET.COM a/k/a TBWHOLESALER.COM a/k/a
TOP BRANDS WHOLESALER a/k/a TOP BRANDS,
AHMAD JAMHOUR, OZ COMMUNICATIONS, INC.
a/k/a CRAZYTEES.NET, OTTO SUAREZ, OLGA LYONS,
SHOP RUMOR, LLC, ANOOSHKA ZAKARIAN,
ESTHER LEE, KEUM SPORTSWEAR CORP.,
CHAN SONG LEE, AFRICAN AMERICAN DOLLAR
STORE, EDNA CLEMENT SWAN, JACK LEIBERMAN
a/k/a JACK LIEBERMAN, PROGRESSIVERAGS.COM,
SKREENED, LLC, DANIEL CHRISTOPHER FOX, SHIEKH,
LLC d/b/a SHIEKH SHOES, INCREDIBLEGIFTS.COM,
DANIEL LASSOFF, SHAKY CITY BLUES, MARIO
ONTIVEROS, MAIN COLLECTION, INC. a/k/a MAIN
SPORTSWEAR, SU YOUNG CHO, MB SPORTSWEAR,
CHOUNG H. CHOE, RIGHT THANG, HYO JANG YOON,
BUY MERCHANT, INC. a/k/a BUYMERCHANT.COM,
CRAIG N. BENTHAM, STEAL DEAL, INC. ABRAHAM
DAVOOD, MICHAEL DAVOOD, EBBY DAVOOD,
THE WILD SIDE, INC. a/k/a THEWILDSIDE.COM,
KINGSLEY SYME a/k/a KINGLEY SYMES,
SETUP SITE, INC. a/k/a HARRINGTON OUTLETS
a/k/a OBAMATSHIRTS.US, SOUR CANDY, SHOE
BALANCE INTERNATIONAL YAK SHOE INC.
a/k/a WHOLESALE SITUATION, JASON AREF, JULIO
AREF, WATCH TIME, INC., AZIZ R. ALI, UNISHOW
(USA), INC. a/k/a UNISHOW, INC., GARY CHEN, RENA
CHEN, AMILINE.COM, JIAN ZHU, GRAVITY TRADING,
INC., TONY IN CHONG,

Defendants.
------------------------------------------------------------X

2

1        Plaintiff hereby submits this Response to the Order to Show Cause issued on

2   May 28, 2010 with respect to whether defendants were improperly joined in this

3   action.

4        Permissive joinder is to be construed liberally in order to promote trial

5   convenience and to expedite the final determination of disputes, thereby preventing

6   multiple lawsuits.  Under the rules, the impulse is toward entertaining the broadest

7   possible scope of action consistent with fairness to the parties:  Joinder of claims,

8   parties and remedies is strongly encouraged.  Rule 20(a) of the Federal Rules of Civil

9   Procedure imposes two specific requisites for the joinder of parties:  (1) a right to

10  relief must be asserted by, or against, each plaintiff or defendant related to or arising

11  out of the same transaction or occurrence; and (2) some question of law or fact

12  common to all the parties will arise in the action.  *League to Save Lake Tahoe v.*

13  *Tahoe Regional Planning,* 558 F.2d 914, 917 (9th Cir. 1977).

14  

15       In the present case, there is a question of law or fact common to all the

16  parties in the action because each of the parties has committed infringement of the

17  Michael Jackson name, trademark and/or likeness and/or the King of Pop mark

18  which is also associated with Michael Jackson. [1]

19       The Ninth Circuit has interpreted the phase "same transaction, occurrence, or

20  series of occurrences" to require a degree of factual commonality underlying the

21  claims.  *Coughlin v. Rogers*, 130 F. 3d 1348, 1350 (9th Cir. 1997).  Proper joinder

22  under Rule 20 requires that the "parties must assert rights, or have rights asserted

23  against them, that arise from related activities – a transaction or an occurrence or a

24  series thereof."  *Heritage Pacific Financial v.* Cole, 2010 U.S. Dist. LEXIS 52979

25  

---

26  [1]  Plaintiff has also included allegations regarding infringement of copyrights owned by the Michael Jackson estate
27  and in which plaintiff has been granted exclusive reproduction rights.  The copyright registrations attached as
    Exhibit A to the Complaint are visual art and sound recording registrations. With respect to the sound recording
28  registrations, plaintiff is not claiming infringement of the actual sound recordings but instead plaintiff is alleging

(C.D. Cal. May 3, 2010).   In the present case, plaintiff asserts rights against the defendants that arise from related activities or a series thereof.

Plaintiff has sued several groups of defendants.[2]  The first group of defendants, who are located at 104 East 17th Street, Los Angeles, California  (Docket Nos. 33, 34, 35 and 56), consists of JIN O. CHA a/k/a JIN CHA, OK SPORTSWEAR, EZ SPORTSWEAR and CHANG OH KIM a/k/a CHANG O. KIM a/k/a CHUCK KIM (the "OK Sportswear Group").[3]  Plaintiff has previously pursued other infringement claims against the OK Sportswear Group for the sale of unauthorized merchandise pertaining to other musical performers that plaintiff represents.  When plaintiff was investigating the OK Sportswear Group in the prior case, plaintiff learned that the OK Sportswear Group was the source of infringing merchandise to numerous parties in the downtown Los Angeles wholesale district.  (Paragraph 10 of the Declaration of Kenneth A. Feinswog submitted herewith ("Feinswog Declaration")).  In fact, when purchases were made by plaintiff's investigator before the commencement of this action, plaintiff discovered that the same shirt with the same design and even with the same neck label in it, was being sold by the group of defendants that consists of DAVID AHOUBIAN, a/k/a DAVID AHOUBIN a/k/a DAVID AHOUBIM, D&T DISTRIBUTION, PARIS FASHIONS, CLOTHING ISLAND a/k/a CLOTHINGISLAND.COM (the "Clothing Island Group").  Copies of said shirts are annexed as Exhibits A and B to the Feinswog Declaration.

---

copying of the artwork and photographs included in the packaging and/or booklets that are sold with those sound recordings.

[2]  Several parties have been dismissed because plaintiff was not able to serve said parties or plaintiff has entered into settlement agreements with said parties.  In this response, plaintff is only addressing the parties that are currently in this action.

[3]  Defendants have been grouped together herein because each group includes corporate affiliates and/or individuals who are employed by and/or own the corporate or unincorporated entities included in a particular group.

The Clothing Island Group claims that they purchased their infringing items from defendants MAGGI FASHION WHOLESALE, INC. and MANSOUR ROKHSARZADEH (the "Maggi Fashion Group") who is located at 1400 Main Street, Los Angeles, California (Docket No. 23) (Feinswog Dec., ¶ 9) and have even filed a cross-claim in connection therewith (Docket No. 147). Based on said facts, plaintiff has a reasonable belief that the chain of distribution went from the OK Sportswear Group to the Maggi Fashion Group to the Clothing Island Group.

Another group of defendants that consists of EDEN SPORTS, INC., SY SPORTS, SUSAN LEE a/k/a SUSAN YOON and LEE'S FAMILY, INC. (the "Eden Sports Group"), who were located at 1308 South Main Street, Los Angeles, California sold shirts that include the same designs as shirts sold by the Clothing Island Group and/or the group of defendants that consists of MAIN COLLECTION, INC. a/k/a MAIN SPORTSWEAR and SU YOUNG CHO (the "Main Collection Group") that were also located at 1310 South Main Street, Los Angeles, California (Docket No. 38). See Exhibits B to G to the Feinswog Declaration. Based on said facts, plaintiff has a reasonable belief that said parties bought shirts from the same sources or from each other which satisfies the series of transactions test.

Plaintiff has not been able to purchase shirts from the other defendants located in downtown Los Angeles, Hyo Jang Cho and Right Thang, whose business is located at 1328 South Main Street, Los Angeles, California (Docket No. 31 and 62) and MB Sportswear and Choung H. Choe, whose business is located at 225 Winston Street, Los Angeles, California (Docket No. 29 and 30), that are identical to shirts that were sold by other defendants in this action. However, plaintiff has a reasonable belief that said defendants purchased their merchandise from other defendants and/or from common sources as the other

defendants because of plaintiff's past experience with the OK Sportswear Group
and evidenced adduced herein that parties located in the downtown Los Angeles
wholesale district have common sources for their infringing merchandise.

Plaintiff's reasonable belief was confirmed in this case regarding the Maggi
Fashion Group when Clothing Island Group, after being served in this action,
claimed that the Maggi Fashion shirts was the source of its shirts.  (Feinswog Dec.,
¶9) and by the shirts presented to the Court with this response.

Since joinder is supposed to be liberally construed, then plaintiff should be
able to proceed and conduct discovery regarding defendants' sources when there is
a history of parties in a particular area obtaining shirts from the same sources.   It
would be judicially efficient to do so.

The remaining groups of defendants in this action are PRINT LIBERATION
and JAIME DILLON (the "Print Liberation Group"); BARGIN WHOLESALER
CORPORATION a/k/a BARGIN WHOLESALER.COM a/k/a
WHOLESALECLOTHING MARKET.COM a/k/a TBWHOLESALER.COM
a/k/a TOP BRANDS WHOLESALER a/k/a TOP BRANDS and AHMAD
JAMHOUR (the "Bargin Group"); DR. JAY'S, INC. a/k/a DR. JAYS a/k/a DR.
JAYS.COM ("Dr. Jays"); WATCH TIME, INC. and AZIZ R. ALI (the "Watch
Time Group") SHOE BALANCE INTERNATIONAL YAK SHOE INC. a/k/a
WHOLESALE SITUATION and JULIO AREF (the "Wholesale Situation
Group"); KINGSLEY SYME a/k/a KINGLEY SYMES, SETUP SITE, INC. a/k/a
HARRINGTON OUTLETS a/k/a OBAMATSHIRTS.US (the "Setup Site Group")
and JACK LEIBERMAN a/k/a JACK LIEBERMAN and PROGRESSIVERAGS.
COM (the "Progressive Rags Group"); GRAVITY TRADING, INC. and TONY
IN CHONG (the "Gravity Trading Group").

1   Plaintiff has entered into settlement agreements with the Bargin, Gravity
2   Trading and Progressive Rags Groups and expects to dismiss said parties from this
3   action without prejudice within the next 45 days if certain conditions under the
4   settlement agreements with said parties are satisfied.  Plaintiff has had a reasonable
5   belief that Gravity Trading purchased its shirts from the OK Sportswear Group
6   based on statements made to plaintiff's counsel. (Feinswog Dec., ¶12).
7   Plaintiff, at the commencement of this action, had a reasonable belief that all
8   defendants, parties selling infringing Michael Jackson shirts, might have bought
9   and/or sold from each other and/or bought shirts from the same sources. The
10  parties in this case who are not located in Los Angeles were all selling
11  merchandise on the Internet and any of the other defendants might have purchased
12  Michael Jackson shirts from said defendants. (Feinswog Dec., ¶13).
13  Although plaintiff may not have been able to establish, prior to the commencement
14  of this action, that all of said parties sold and/or purchased shirts from other
15  defendants and/or obtained shirts from the same sources, plaintiff had a reasonable
16  belief that a series of transactions existed between said parties.
17  This case is unlike *Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229
18  (M.D. Tenn. 2001) in which parties independently downloaded and/or sampled
19  different songs.  In the present case, each of the parties in this action was selling
20  unauthorized Michael Jackson shirts which could have been purchased from and/or
21  sold to other defendants in this action and/or could have been received from
22  common sources.  As plaintiff learned about the connection between the Maggi
23  Sportswear and Clothing Island Groups after this action was commenced, plaintiff
24
25
26
27
28

7

is likely to establish that other parties were linked.  In view of the foregoing, it is respectfully requested that the Court take no action to sever or dismiss any parties.[4]

If the Court determines that plaintiff has not established that some of the defendants were not involved in a series of related transactions, it is respectfully requested that the Court sever said parties and create separate actions.  In fashioning the appropriate remedy for improper joinder, the Court may, in its discretion, sever the misjoined parties as long as no substantial right would be prejudiced by severance.  *Coughlin,* 130 F.3d at 1350.  Although the Ninth Circuit Court of Appeals has not opined on the issue, several other circuits have interpreted Rule 21 to permit dismissals of parties only if they do not cause "gratuitous harm to the parties," *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000), for the "discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006)...the Third Circuit commented that "[a]lthough a district court has discretion to choose either severance or dismissal in remedying misjoinder, it is permitted under Rule 21 to opt for the latter only if 'just' - that is, if doing so 'will not prejudice any substantial right.'" DirecTV, 467 F.3d at 846 (emphasis in original). The court explained that substantial rights would be prejudiced if dismissal of misjoined parties were to result in the loss of otherwise timely claims. Id. at 846-47.  *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. Minn. 2008).

Although plaintiff does not believe that there is a statute of limitations issue in this case, there is always a possibility that a defendant may raise a statute of limitations defense because plaintiff is not certain of when all of the infringement

---

[4]  The Watch Time Group are also downtown Los Angeles-based defendants located at 1422 Hooper Avenue, Los Angeles, California (Docket No. 36) and even though said parties sell watches, plaintiff had a reasonable that said parties are involved in a series of transactions related to the other parties in this action because parties who sell shirts also sell other infringing items such as watches. (Feinswog Dec., ¶11 ).

in this action commenced.  Severance would avoid the possibility of plaintiff being denied a substantial right with a defendant raising a defense that it would otherwise not have but for having been dismissed from this action.

As the Court recognized in *Coalition for a Sustainable Delta. v. United States of America,* 2009 U.S. Dist. LEXIS 111743, (E.D. Cal. November 17, 2009), it is appropriate to sever a case and not dismiss a party when dismissal would be wasteful to the parties' and judicial resources.  In *Coalition*, the parties had been filed and served and judicial resources had been expended in connection therewith.  In the present case, all the parties in question have been served and many have had defaults entered against them.  There is even a pending default judgment motion against the Wholesale Situation Group.  Plaintiff will be seeking entry of default and/or filing default judgment motions against the other parties that have not filed responsive pleadings.

Defendant Dr. Jay's has filed an answer and plaintiff's counsel is currently having settlement discussions with an attorney for the Print Liberation Group.

With severance, there will judicial economy linking the cases because discovery issues might arise that may be similar and each case involves the same legal issues regarding the infringement of the Michael Jackson name, trademark and/or likeness.

In view of the foregoing, it is respectfully requested that the Court find that all parties have been properly joined because plaintiff had a reasonable belief that all parties were linked by a series of transactions, the purchase and sale of Michael Jackson shirts.

If the Court determines that certain parties were improperly joined, it is respectfully requested that said parties be severed and the separate cases can be coordinated for case management purposes with a single scheduling conference

1   because it would produce judicial efficiency and economy and/or avoiding denying

2   plaintiff a substantial right and/or avoid gratuitous harm to a party.

3

4

5   Dated:  June 18, 2010                                    Respectfully submitted,

6              Los Angeles, CA

7                                                                    By: /Kenneth A. Feinswog

8                                                                          Kenneth A. Feinswog
                                                                           Attorney for Plaintiff
9                                                                          6701 Center Drive West, Suite 610
                                                                           Los Angeles, California 90045
10                                                                         (310) 846-5800

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28