O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-9066 PSG (CWx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services v. Jin O. Cha *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Dismissing Defendants Without Prejudice

    Pending before the Court is Plaintiff's response to the Court's Order to Show Cause ("OSC") whether Defendants are improperly joined in this action. A hearing on the OSC was held on June 28, 2010. After considering the response and arguments presented at the hearing, the Court DISMISSES all Defendants with the exception of Jin O. Cha a/k/a Jin Cha, OK Sportswear, EZ Sportswear, Chang Oh Kim a/k/a Chang O. Kim a/k/a Chuck Kim, David Ahoubian a/k/a David Ahoubin a/k/a David Ahoubim, D&T Distribution, Paris Fashions, Clothing Island a/k/a ClothingIsland.com, Maggi Fashion Wholesale, Inc., and Mansour Rokhsarzadeh.

I.    Background

    On December 10, 2009, Plaintiff Bravado International Group Merchandising Services, Inc. ("Plaintiff") filed suit against a total of seventy-six Defendants (collectively, "Defendants") for allegedly infringing nine registered copyrights and several trademarks licensed to Plaintiff by the estate of Michael Jackson. *See Compl.* ¶ 8. Plaintiff alleges that "Defendants are unlicensed distributors who have been distributing and selling unauthorized shirts and/or posters and/or other items bearing the Michael Jackson trademarks (including Michael Jackson and/or King of Pop), the Michael Jackson likeness and/or artwork and/or photographs." *See id.* ¶ 9. On May 28, 2010, the Court issued an Order to Show Cause ("OSC") whether Defendants were improperly joined in this action in violation of Federal Rule of Civil Procedure 20(a)(2). Plaintiff filed a timely Response on June 18, 2010.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9066 PSG (CWx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services v. Jin O. Cha *et al.* | | |

II.  Legal Standard

Federal Rule of Civil Procedure 20 provides that defendants may be joined if (1) any right to relief asserted against them jointly, severally, or in the alternative relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences, and (2) any question of law or fact common to all defendants will arise in the action. *See* Fed. R. Civ. P. 20(a)(2); *Desert Empire Bank v. Ins. Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980). Thus, Rule 20 permits the joinder of multiple defendants only if two requirements are satisfied: transactional relatedness and commonality. Upon a finding of improper joinder, "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Alternatively, the Court may sever claims against improperly joined parties. *Id.*

III.  Discussion

The Court ordered Plaintiff to explain how the seventy-six Defendants in this case are properly joined. Plaintiff organizes Defendants into several groups that include "corporate affiliates and/or individuals who are employed by and/or own the corporate or unincorporated entities included in a particular group."[1] *See Response* 4 n.3. For the following reasons, the Court finds that only three of these groups are properly joined in this action and that the remaining Defendants should be dropped from the lawsuit.

A.  Summary of Defendant Groups

Plaintiff provides evidence of varying degrees of specificity to connect the groups together for the purposes of joinder. *See id.* at 4:3-7:17. According to Plaintiff, these groups are sufficiently related because some groups purchased the same infringing shirts from other groups, other groups sold the same shirts, and the remaining groups might have purchased the same shirts from each other based on Plaintiff's "reasonable belief." Based on the strength of the alleged connections, the Court discerns four tiers of Defendant groups.

1.  Tier One

---

[1] Many Defendants have been dismissed from the case, and Plaintiff's Response is limited to those parties presently in the action. *See Response* 4 n.2.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9066 PSG (CWx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services v. Jin O. Cha *et al.* | | |

Plaintiff provides the most concrete information with regard to the following groups:

- The "OK Sportswear Group" includes Jin O. Cha a/k/a Jin Cha, OK Sportswear, EZ Sportswear, and Chang Oh Kim a/k/a Chang O. Kim a/k/a Chuck Kim. *See Response* 4:3-7. Based on Plaintiff's investigations, the OK Sportswear Group has been "the source of many of the shirts sold by stores and wholesale operations in downtown Los Angeles including stores nearby or at locations of some of the defendants in this action." *Feinswog Decl.* ¶ 10. The OK Sportswear Group distributed shirts depicting an image of Michael Jackson posing with a tipped hat and sequined gloves, and referring to him as the "King of Pop." *See id.* ¶ 2, Ex. A ("Image No. 1").

- The "Clothing Island Group" includes David Ahoubian a/k/a David Ahoubin a/k/a David Ahoubim, D&T Distribution, Paris Fashions, and Clothing Island a/k/a ClothingIsland.com. *See Response* 18-21. Plaintiff's investigator purchased a shirt from the Clothing Island Group that depicts Image No. 1—the same image displayed on the OK Sportswear Group's shirt—and the shirt even has the same neck label. *See Feinswog Decl.* ¶ 3, Ex. B. Plaintiff's investigator also purchased a shirt from the Clothing Island Group that depicts an image of Michael Jackson apparently surrounded by zombies, as in his famed Thriller music video. *See id.* ¶ 4, Ex. C ("Image No. 2"). The investigator also purchased a shirt depicting a montage of Michael Jackson photos inscribed with the phrase "Never Say Good Bye." *See id.* ¶ 8, Ex. G ("Image No. 3").

- The "Maggi Fashion Group" consists of Maggi Fashion Wholesale, Inc. ("Maggi") and Mansour Rokhsarzadeh. *See Response* 5:2-3. The attorney for ClothingIsland.com informed Plaintiff's counsel that Maggi "supplied ClothingIsland.com with its infringing merchandise." *Feinswog Decl.* ¶ 9.

According to Plaintiff, these groups comprise a chain of distribution "from the OK Sportsear Group to the Maggi Fashion Group to the Clothing Island Group." *See Response* 5:5-7. The Court notes, however, that Plaintiff does not provide evidence that the Ok Sportswear Group sold any shirts with Image No. 2 or Image No. 3.

   2.  <u>Tier Two</u>

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9066 PSG (CWx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services v. Jin O. Cha *et al.* | | |

The following groups allegedly sold shirts with the same infringing images:

• The "Eden Sports Group" includes Eden Sports, Inc., Sy Sports, Susan Lee a/k/a Susan Yoon, and Lee's Family Inc.  *See Response* 5:8-10.

• The "Main Collection Group" comprises Main Collection, Inc. a/k/a Main Sportswear and Su Yong Cho.  *See id.* at 5:12-14.

These groups apparently sold shirts that included the same images depicted on the shirts sold by the Clothing Island and Maggi Groups, which Plaintiff claims supports a "reasonable belief that said parties bought shirts from the same sources or from each other which satisfies the series of transactions test."  *Response* 5:17-19.

   3. <u>Tier Three</u>

The following groups are located in the downtown Los Angeles area:

• The "Right Thang Group" includes Right Thang and Hyo Jang Cho.  *See id.* at 5:21-22.

• The "MB Sportsear Group" includes MB Sportswear and Choung H. Choe.  *See id.* at 5:23-24.

Although Plaintiff has been unable to purchase any shirts from these groups, Plaintiff claims to have a "reasonable belief" that they "purchased their merchandise from other defendants and/or from common sources as the other defendants" based on Plaintiff's experience and knowledge of the wholesale industry in the downtown area.  *See id.* at 5:20-6:3.

   4. <u>Tier Four</u>

Plaintiff also names eight groups of Defendants without offering any clear connection between them or with any groups listed in the other tiers.  *See id.* at 6:12-26.  These groups are:

• The "Print Liberation Group" includes Print Liberation and Jaime Dillon.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-9066 PSG (CWx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services v. Jin O. Cha *et al.* | | |

- The "Bargin Group" includes Bargin Wholesaler Corporation a/k/a BarginWholesaler.com, WholeSaleClothingMarket.com, TBWholesaler.com, Top Brands Wholesaler, TopBrands, and Ahmad Jamhour. Plaintiff is in the process of settling with this group.

- The "Dr. Jays Group" consists of Dr. Jays, Inc. a/k/a Dr. Jays and Dr.Jays.com.[2]

- The "Watch Time Group" includes Watch Time, Inc. and Aziz R. Ali. Plaintiff admits that the Watch Time Group was not selling unauthorized Michael Jackson shirts, though Plaintiff's investigations have revealed "several parties that sell both infringing Michael Jackson watches and shirts." *Feinswog Decl.* ¶ 11.

- The "Wholesale Situation Group" includes Shoe Balance International Yak Shoe, Inc. a/k/a Wholesale Situation and Julio Aref.[3]

- The "Setup Site Group" includes Kingsley Syme a/k/a Kingley Symes and Setup Site, Inc. a/k/a Harrington Outlets a/k/a Obamashirts.us.

- The "Progressive Rags Group" includes Jack Leiberman a/k/a Jack Lieberman and Progressiverags.com. Plaintiff is settling with this group.

- The "Gravity Trading Group" includes Gravity Trading, Inc. and Tony In Chong. Plaintiff is also settling with this group. Furthermore, counsel for Gravity Trading, Inc. informed Plaintiff that "his client purchased his shirts from a downtown Los Angles vendor, who plaintiff believes to be OK Sportswear." *Feinswog Decl.* ¶ 12.

---

[2] The Court previously granted Dr. Jays, Inc.'s motion to vacate entry of default against it. *See* Dkt. #176.

[3] On April 26, 2010, Plaintiff filed a Motion for Default Judgment against the Wholesale Situation Group, which the Court has taken under submission. Based upon the disposition of this Order, the Motion for Default Judgment is rendered MOOT.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9066 PSG (CWx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services v. Jin O. Cha *et al.* | | |

Plaintiff claims that it has entered into settlement agreements with the Bargin, Gravity Trading, and Progressive Rags Groups and expects to dismiss these Defendants within 45 days (subject to certain undisclosed conditions). *See Response* 7:1-4. However, Plaintiff provides no evidence that the merchandise sold by the groups in Tier Four were in any way connected to other groups in Tier Four or to the groups in other tiers. *See Feinswog Decl.* ¶ 13. In conclusory terms, Plaintiff claims that the parties in Tier Four "were all selling merchandise on the Internet and any of the other defendants *might have* purchased Michael Jackson shirts from said defendants." *Response* 7:9-12 (emphasis added).

  B.  <u>Whether Joinder of the Defendant Groups Satisfies Rule 20(a)(2)</u>

In order for Defendants to be properly joined under Rule 20(a)(2), Plaintiff must (1) assert a right to relief against them jointly, severally, or in the alternative arising out of the same transaction or occurrence or series of transactions or occurrences, and (2) raise a common question of law or fact. *See* Fed. R. Civ. P. 20(a)(2). As a preliminary matter, it is clear that Plaintiff's claims raise common questions of law or fact because the Complaint alleges that Defendants infringed "the Michael Jackson name, trademark and/or likeness and/or King of Pop mark." *Response* 3:15-18; *Compl.* ¶ 2. However, the mere fact that Plaintiff's claims against Defendants involve a common question of law or fact does not entail that its claims against Defendants are related to the same transaction or occurrence. *See Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) (finding that plaintiff's infringement claims did not arise out of same transaction where defendants were alleged to have acted independently in infringing the same trademark); *Nassau County Ass'n of Ins. Agents v. Aetna Life & Cas. Co.*, 497 F.2d 1151, 1154 (2d Cir. 1974) (finding that, in the absence of an allegation of conspiracy, the same transaction or occurance requirement was not met where one hundred and sixty-four defendants acted independently and at different times).

The Ninth Circuit has interpreted the phrase "same transaction, occurrence, or series of transactions or occurrences" to require a degree of factual commonality underlying the claims. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Proper joinder under Rule 20 requires that the "parties must assert rights, or have rights asserted against them, that arise from *related activities*—a transaction or an occurrence or a series thereof." *Coal. for a Sustainable Delta v. U.S. Fish & Wildlife Serv.*, 2009 WL 3857417, at *2 (E.D. Cal. Nov. 17, 2009) (citation omitted) (emphasis added). For example, in *DirecTV v. Loussaert*, 218 F.R.D. 639, 641-44 (S.D. Iowa 2003), DirecTV, a satellite television service provider, sued seven defendants who

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-9066 PSG (CWx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services v. Jin O. Cha *et al.* | | |

allegedly purchased illegal access devices. DirecTV submitted that its claims against the defendants arose out of the same transaction or occurrence because the factual backgrounds of the claims were similar—they occurred roughly at the same time, involved a single distribution center, and each defendant intended to illegally intercept the same satellite signal. *See id.* at 642. The court found, however, that the defendants' alleged acts of piracy were not related. *See id.* at 643. As no defendant was alleged to have known of the other defendants' transactions or illegal purposes, "each transaction represents a separate and independent act." *See id.*

In this case, Plaintiff's Complaint is entirely devoid of any allegations that Defendants conspired with one another to infringe Plaintiff's trademarks and copyrights. *See Arista Records, LLC v. Does 1-4*, 589 F. Supp. 2d 151, 155 (D. Conn. 2008) ("The 'same transaction' requirement [of Rule 20(a)(2)] means that there must be some *allegation* that the joined defendants 'conspired or acted jointly.'" (citation omitted) (emphasis added)); *Magnavox Co. v. APF Elecs., Inc.*, 496 F. Supp. 29, 34 (N.D. Ill. 1980) (finding joinder improper in patent infringement suit where "the complaint . . . [was] devoid of *allegations* concerning any connection between" the items sold by one defendant retailer and those sold by another defendant." (emphasis added)). Furthermore, the Complaint does not seek joint or several liability against Defendants.

In its response, however, Plaintiff explains that the groups in Tier One are part of the same chain of distribution. The OK Sportswear, Maggi Fashion, and Clothing Island Groups all sold shirts depicting Image No. 1, and counsel for the Clothing Island Group claimed that the Maggi Fashion Group supplied ClothingIsland.com with its infringing merchandise. However, the connection of the other tiers to this alleged transaction is too attenuated to support joinder. The groups in Tier Two allegedly sold shirts with the same images as the Maggi Fashion and Clothing Island Groups—including a shirt sold by the Eden Sports Group that depicted Image No. 2—Plaintiff fails to provide any further allegations that would connect the groups in Tier Two to the same transaction as Tier One. The groups in Tier Three are merely located in the same geographic area, and Plaintiff purports to have a "reasonable belief" that they purchased their merchandise from each other or from a common source. Finally, Tier Four is a catch-all of non-Los Angeles vendors, and Plaintiff does not even indicate that they are selling the same shirts as the groups in Tier One, let alone that they are selling the same shirts in the chain of distribution. Plaintiff leans on its "reasonable belief" that "any of the other defendants might have purchased Michael Jackson shirts from [them]." *See Response* 7:9-12. Therefore,

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-9066 PSG (CWx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services v. Jin O. Cha *et al.* | | |

Plaintiff's allegations of transactional-relatedness are sufficient only as to the groups in Tier One.

Furthermore, Plaintiff does not provide any case law to support its position that a "reasonable belief" is sufficient to tether several defendants together in the same action. *See Coal. for a Sustainable Delta v. United States Fish and wildlife Serv.*, 2009 WL 3857417, at *4 n.1 (E.D. Cal. Nov. 17, 2009) ("Plaintiffs point to no analogous cases that have found any 'logical' or 'reasonable' relationship between claims such as those in the SAC."). Plaintiff merely distinguishes *Bridgeport Music, Inc. v. 11C* Music, 202 F.R.D. 229 (M.D. Tenn. 2001)—a case mentioned in the Court's OSC—on the grounds that, unlike the defendants who sampled songs without authorization in that case, "each of the parties in this action was selling unauthorized Michael Jackson shirts which could have been purchased from and/or sold to other defendants in this action and/or could have been received from common sources." *See Response* 7:18-23. However, the songs sampled in *Bridgeport* could have similarly been shared by the defendants in that case or purchased from each other. That several Defendants in this case may have engaged in similar transactions, or had the capability of doing so, is insufficient to establish joinder. For these reasons, only the groups in Tier One are properly joined in this action. All other Defendants are misjoined in violation of Rule 20(a)(2).

 B. <u>The Consequence of Misjoinder</u>

Federal Rule of Civil Procedure Rule 21 governs the misjoinder of parties and permits the court "[o]n motion or on its own . . . at any time, on just terms, [to] add or drop a party[, or] also sever any claim against a party." Fed. R. Civ. P. 21. The Court has considerable discretion in choosing among these options. *See Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980); *see also* 4 *Moore's Federal Practice*, § 21.02[4] (3d ed. 2009). An accepted practice under Rule 21 is to dismiss all defendants except for the first defendant named in the complaint, s*ee Coughlin*, 130 F.3d at 1350; *see also Coal. for a Sustainable Delta*, 12009 WL 3857417, at *8, and dropping a defendant for improper joinder operates as a dismissal without prejudice, *see Harris v. Lappin*, 2009 WL 789756, at *7 (C.D. Cal. 2009) (citing *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir 2006)).

In the event that the Court finds misjoinder, Plaintiff requests severance. *See Response* 8:3-5. Plaintiff claims that it may be prejudiced if misjoined Defendants are dropped from this case because those Defendants may try to raise statute of limitations defenses in subsequent

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9066 PSG (CWx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services v. Jin O. Cha *et al.* | | |

actions. *See id.* 8:22-9:3 ("Severance would avoid the possibility of plaintiff being denied a substantial right with a defendant raising a defense that it would otherwise not have but for having been dismissed form this action."). However, the Court declines to sever in this case for two reasons.

First, a statute of limitations defense is always a *possibility* when misjoined parties are dropped from a lawsuit. The possibility that a court may elect to drop misjoined parties is a risk assumed by the plaintiff who chooses to prosecute an action in violation of Rule 20. *See Funtanilla v. Tristan*, 2010 WL 1267133, at *6 (E.D. Cal. Mar. 30, 2010) ("In any event, any prejudice resulting from the statute of limitations is a result of plaintiff combining seven unrelated claims in one complaint, instead of filing seven separate actions."). Furthermore, Plaintiff concedes that its claims against Defendants do not involve any statute of limitations issues. *See Response* 8:22-23.

Second, severance is not a practical option in this case because it is unclear how the Court would structure the severed actions. Plaintiff does not demonstrate which groups infringed which trademarks and copyrights. Plaintiff lumped all Defendants together in this action, and it is not the Court's responsibility to sort them out for Plaintiff. *See Don King Prods., Inc. v. Colon-Rosario*, 561 F. Supp. 2d 189, 192 (D. Puerto Rico 2008) ("Besides concluding that the same transaction test was not met in the cases above, the courts also found that this type of 'shotgun action' against many unrelated defendants, creates 'unmanageable administrative problems in the clerk's office and . . . unfairness, confusion and prejudice to defendants in their efforts to answer plaintiff's complaints, make responsive motions and conduct pretrial proceedings." (citation omitted)).

To vindicate its rights against these parties, Plaintiff must institute separate actions in conformity with the Federal Rules. *See Arista*, 2008 WL 4823160, at *5 ("[I]f . . . Defendants are misjoined, Plaintiffs would be able to avoid paying $350 filing fees under 28 U.S.C. § 1914(a) for separate actions against each of the improperly joined Defendants."). Plaintiff may seek leave to amend the Complaint to conform the pleadings to the evidence in compliance with the Federal Rules. Alternatively, Plaintiff may attempt to consolidate later-filed actions if discovery reveals that they are related to the same transaction or occurrence. However, in light of the information provided by Plaintiff, only Defendants in Tier One are properly joined at this time. Accordingly, the Court drops all Defendants, with the exception of the OK Sportswear Group, the Maggi Fashion Group, and the Clothing Island Group.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-9066 PSG (CWx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services v. Jin O. Cha *et al.* | | |

III.  Conclusion

Based on the foregoing, the Court DISMISSES all Defendants without prejudice, with the exception of Jin O. Cha a/k/a Jin Cha, OK Sportswear, EZ Sportswear, Chang Oh Kim a/k/a Chang O. Kim a/k/a Chuck Kim, David Ahoubian a/k/a David Ahoubin a/k/a David Ahoubim, D&T Distribution, Paris Fashions, Clothing Island a/k/a ClothingIsland.com, Maggi Fashion Wholesale, Inc., and Mansour Rokhsarzadeh.

**IT IS SO ORDERED.**