O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#192

CIVIL MINUTES - GENERAL

| Case No. | CV 09-9066 PSG (CWx) | Date | February 11, 2011 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services, Inc. v. Cha, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Granting Plaintiff's Motion for Default Judgment Against Maggi Fashion Wholesale in the Amount of $43,795 and Continuing the Motion with Respect to Mansour Rokhsarzadeh

Pending before the Court is Plaintiff's Motion for Default Judgment. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers submitted, the Court GRANTS in part and CONTINUES in part Plaintiff's Motion.

I.   Background

On December 10, 2009, Plaintiff Bravado International Group Merchandising Services, Inc. ("Plaintiff") filed suit against a total of seventy-six Defendants for allegedly infringing nine registered copyrights and several trademarks licensed to Plaintiff by the estate of Michael Jackson. *See Compl.* ¶ 8. Plaintiff alleges that "Defendants are unlicensed distributors who have been distributing and selling unauthorized shirts and/or posters and/or other items bearing the Michael Jackson trademarks (including Michael Jackson and/or King of Pop), the Michael Jackson likeness and/or artwork and/or photographs." *See id.* ¶ 9.

On June 30, 2010, the Court dismissed all but ten of the seventy-six Defendants after determining that Plaintiff improperly joined them in the lawsuit. *See* Dkt. #178 (June 30, 2010 Order re: Improper Joinder). Included in the remaining Defendants are Maggi Fashion Wholesale, Inc. ("Maggi Fashion") and Mansour Rokhsarzadeh. On May 26, 2010, the Clerk entered default against both Maggi Fashion and Rokhsarzadeh. *See* Dkts. #117, 118 (orders of default against Maggi Fashion and Rokhsarzadeh, respectively). Currently before the Court is

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#192**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9066 PSG (CWx) | Date | February 11, 2011 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services, Inc. v. Cha, *et al.* | | |

Plaintiff's motion for default judgment against both Maggi Fashion ("Defendant") and Rokhsarzadeh. For the reasons that follow, the Court GRANTS Plaintiff's motion with respect to Maggi Fashion and CONTINUES the motion with respect to Rokhsarzadeh.[1]

II.    Legal Standard

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). Federal Rule of Civil Procedure 55(b) and Local Rule 55-1 require that applications for default judgment set forth (1) when and against what party default was entered, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent person, and if so, whether the person is adequately represented, (4) that the War and National Defense Servicemembers Civil Relief Act (50 App. U.S.C. § 521) does not apply, and (5) that notice of the application has been served on the defaulting party, if required. *See* Fed. R. Civ. P. 55(b)(2); L.R. 55-1.

Ultimately, the choice as to whether a default judgment should be entered is at the sole discretion of the court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined that a court should consider seven discretionary

---

[1] On February 2, 2010, Rokhsarzadeh, proceeding *pro se*, filed a Request for Extension of Time to File a Motion to Set Aside the Default. *See* Dkt. #199. Rokhsarzadeh claims that he was unaware that the order of default could not be set aside without the proper filing of a motion, that he is very ill, and that he was never properly served. The Court GRANTS Rokhsarzadeh's Request for an Extension of Time and gives him until **MARCH 28, 2011** to file a motion to set aside the default providing the basis upon which default should be set aside. The Court also notes that on February 7, 2011, Defendant Rokhsarzadeh also filed an "Opposition and Objection to Motion for Default Judgment." *See* Dkt. #202. In it, he requests the Court to refrain from awarding any damages against "myself and my corporation [Maggi Fashion]." *See id.* 2:9-10. The Court's grant of Rokhsarzadeh's Request for Extension of Time to File a Motion to Set Aside the Default moots the opposition with respect to Rokhsarzadeh. However, it does not alter the Court's conclusion in this Order that a default judgement is proper against Maggi Fashion, as a corporation cannot appear *pro se* and must be represented by a licensed attorney or face both default and default judgment. *See* Local Rule 83-2.10.1; *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 721, 121 L. Ed. 2d 656 (1993) ("[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#192

CIVIL MINUTES - GENERAL

| Case No. | CV 09-9066 PSG (CWx) | Date | February 11, 2011 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services, Inc. v. Cha, *et al.* | | |

factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See id.*

Finally, the Court notes that once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

III. Discussion

  A. Requirements for Default Judgment

Plaintiff has satisfied the procedural requirements for default judgment pursuant to Rules 55(a) and Local Rule 55-1. Specifically, Plaintiff has set forth that (1) the clerk entered default against Defendant on May 26, 2010; (2) the default is based on Plaintiff's Complaint; (3) Defendant is not an infant or incompetent person; (4) Defendant is not in active military service; and (5) Plaintiff served Defendant with notice of Plaintiff's application for default judgment. The Court also finds that consideration of the *Eitel* factors weighs in favor of granting Plaintiff's motion. *See Eitel*, 782 F.2d at 1471-72.

  B. Relief

A plaintiff is required to prove all damages sought in the complaint. *See Televideo Sys., Inc.*, 826 F.2d at 917-18. In addition any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. *See* Fed. R. Civ. P. 54(c). If the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Here, Plaintiff requests (1) permanent injunctive relief prohibiting Defendant from manufacturing, selling or distributing any infringing items that embody the Michael Jackson name, trademark and/or likeness, (2) statutory damages in the amount of $328,500.00, and (3) attorney's fees in the amount of $10,170.00 pursuant to this Court's local rules.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#192

CIVIL MINUTES - GENERAL

| Case No. | CV 09-9066 PSG (CWx) | Date | February 11, 2011 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services, Inc. v. Cha, *et al.* | | |

1. <u>Permanent Injunctive Relief</u>

Plaintiff's request for permanent injunctive relief is GRANTED, to the extent that injunctive relief remains necessary.

2. <u>Statutory Damages</u>

Plaintiff seeks statutory damages under both federal and state law. The Court addresses each in turn.

a. <u>Statutory Damages under 17 U.S.C. § 504(a)</u>

In the Complaint, Plaintiff alleges that Defendant infringed on Plaintiff's copyrights related to Michael Jackson. To prevail on a claim of copyright infringement, plaintiff must establish ownership of a valid copyright and copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 360, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991); *see also Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1159 (9th Cir.2007) (two requirements for prima facie case of direct copyright infringement are proof of ownership of the allegedly infringed material and proof that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106). Pursuant to 17 U.S.C. § 410(c), registration of the copyrighted works is prima facie evidence of the validity of the copyright.

Based on the Clerk's entry of default, the well-pleaded factual allegations in the Complaint are taken as true. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Thus, the facts that follow are accepted as true. Plaintiff has the exclusive right to sell merchandise and commence lawsuits against parties that sell merchandise bearing Michael Jackson's name, likeness, trademark or any other mark or indicia associated with Michael Jackson. Plaintiff's exclusive right to sell Michael Jackson merchandise includes the right to sell the following works registered with the United States Register of Copyrights: Thriller (Registration No. SR-41-965), the Official Michael Jackson 1985 Calendar, Bad, Dangerous, Invincible, Thriller (Registration No. SR-304788), Number One, Essential Michael Jackson, and The Ultimate Collection. Defendant "wrongfully copied, distributed, and/or sold shirts and/or posters and/or other items displaying the [above listed registered] works . . . willful[ly] and deliberate[ly]." *Compl.* ¶ 45. Based on these facts, Plaintiff has established Defendant's liability for copyright infringement of the Michael Jackson copyrights. Plaintiff has demonstrated its exclusive right to enforce the copyrights and Defendant's unauthorized copying of them.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#192

CIVIL MINUTES - GENERAL

| Case No. | CV 09-9066 PSG (CWx) | Date | February 11, 2011 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services, Inc. v. Cha, *et al.* | | |

     Having shown the facts that give rise to liability, the next question is the extent to which damages can be imposed under federal copyright law.  Under 17 U.S.C. § 504(a), an infringer is liable to a copyright owner for either actual or statutory damages.  Plaintiff elects statutory damages.  *See Mot.* 4:21-23; *Compl.* ¶ 64.  The amount of statutory damages is to be "not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  "If statutory damages are elected, the court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Jackson v. Sturkie,* 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003) (internal quotation omitted).  Additionally, in a case where the copyright owner sustains the burden of proving that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.  17 U.S.C. § 504(c)(2).

     Plaintiff has elected statutory damages over actual damages, and seeks a "willful" damages award under 17 U.S.C. § 504(a) of the maximum amount of $150,000 per violation, for a total of $300,000.  *See Compl.* ¶ 64.  Based on the unique circumstances of this case and Defendant, the Court views a $300,000 award as beyond that which is just.  Even where a plaintiff opts for statutory damages, as opposed to actual damages, a court can consider the following factors to determine a just damages award:  "(1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008) (quoting *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986)).  Defendant's failure to appear or offer evidence makes it impossible to determine the expenses saved and profits reaped by Defendant, or exact revenues lost by Plaintiff.  However, the Court considers the facts of the case to determine the appropriate award.  *See Peer International Corp. v. Pausa Records, Inc.*, 909 F.2d at 1336.

     Plaintiff produced evidence that Defendant copied, sold or distributed two protected and registered images of Michael Jackson: the image registered as "Bad" and the image registered as "Number One."  *See Mot.* 4:11-5:2; *Feinswong Decl.*, Exs. A, C-D; *Fernandez Decl.*, Ex. A.  A private investigator hired by Plaintiff submitted a declaration in support of Plaintiff's motion and stated that he went to Defendant's physical location and "observed approximately six clear bags that included Michael Jackson shirts and each one had a white paper marked '144 pieces' attached thereto." *Fernandez Decl.* ¶ 3.  The private investigator then purchased six shirts with the "Bad" image printed on it for $3.50 per shirt. *Id.* ¶ 4.  Finally, the private investigator stated

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#192

CIVIL MINUTES - GENERAL

| Case No. | CV 09-9066 PSG (CWx) | Date | February 11, 2011 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services, Inc. v. Cha, *et al.* | | |

that he saw nearly one thousand shirts in Defendant's store and, as a result of that number, surmised that those shirts were only "a fraction of the total amount of shirts that Maggi Fashion had sold and was continuing to sell . . .[i]t is quite possible that Maggi Fashion sold tens of thousands of shirts." *Id.* ¶ 5.

Based on the information before the Court, it is clear that Defendant was in the business of selling shirts with Michael Jackson's image, even those images protected by copyright law. The private investigator stated that he saw nearly one thousand shirts with Michael Jackson's image on them when he visited Defendant's store, where he purchased six of them for less than five dollars each. *See Fernandez Decl.* ¶¶ 3, 5. There is nothing to suggest that the store was anything other than a t-shirt shop, as opposed to a major retail distributor. Had Defendant sold the entire batch of one thousand shirts at five dollars each, it would have brought in $5,000 before expenses. Had Plaintiff sold the batch at a higher, but still reasonable, price of twenty dollars each, Plaintiff could have made $20,000 before expenses. The Court also considers that Defendant sold a shirt infringing on another of Plaintiff's rights via its website. *See Feinswog Decl.*, Exs. A, D. Using a similar calculation, the Court notes that Plaintiff, if it sold one thousand shirts at twenty dollars each, could have acquired an additional $20,000. In light of the evidence before the Court, the Court finds that awarding statutory damages at $20,000 per violation is just under the circumstances and will deter similar conduct from this or other parties in the future. Thus, Plaintiff is awarded $40,000 on its copyright infringement cause of action against Defendant Maggi Fashion.

      b.     California Civil Code § 3344.1

Plaintiff also seeks damages under California Civil Code § 3344.1, which provides that "[a]ny person who uses a deceased personality's name, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods . . . shall be liable for any damages sustained by the person or persons injured as a result there of . . . in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by the injured party or parties." Cal. Civil Code § 3344.1(a)(1). Plaintiff again does not seek actual damages, but rather statutory damages. Specifically, Plaintiff seeks "$750.00 for each violation of said statute," or, in other words, $750.00 for each use of "38 different likenesses." *Mot.* 8:21-9.

Again taking the allegations in the Complaint as true, Plaintiff is entitled to statutory damages under California Civil Code § 3344.1. *See Compl*. ¶¶ 48-55. However, Plaintiff's request for $28,500 in statutory damages—$750 for each of 38 different "likenesses"—is based on an incorrect interpretation of the California statute. In *Miller v. Collectors Universe, Inc.*, the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#192**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9066 PSG (CWx) | Date | February 11, 2011 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services, Inc. v. Cha, *et al.* | | |

California Court of Appeals considered whether statutory damages of $750.00 were available for each separate, but related, use of a person's name or likeness, or whether the $750.00 statutory damage award was available per cause of action for violation of the statute despite the number of times a name or likeness was actually used. *See Miller v. Collectors Universe, Inc.*, 159 Cal. App. 4th 988, 1006, 72 Cal. Rptr. 3d 194 (Cal. Ct. App. 2008).[2] Ultimately, the Court concluded that even though Defendant used Plaintiff's name 14,060 times in connection with different products for different consumers, only a single statutory damage award of $750 was appropriate because the statute applies to causes of action, not "separate wrongs." *See Miller*, 159 Cal. App. 4th at 1006-08 (there was a single cause of action and thus a single statutory award of $750 because the use of plaintiff's name was "for a common purpose pursuant to a common plan"). The court went on to explain that the number of times plaintiff's name was used may be relevant to calculating "actual damages, if any, and to punitive damages," but not to "statutory damages." *Id.* at 1008; *see also Perfect 10, Inc. v. Talisman Commc'ns, Inc.*, No. CV 99-10450 RAP, 2000 WL 364813, at *4-5 (C.D. Cal. March 27, 2000) (using different pictures of a single person is still only one improper use of a person's name, likeness or photograph).

Like in *Miller*, Defendant here used Michael Jackson's likeness more than once, but for "a common purpose pursuant to a common plan" to sell shirts as memorabilia following Michael Jackson's death. *See Compl.* ¶¶ 49-50. Plaintiff's single cause of action is based on a common nucleus of operative facts related to Defendant's use of Michael Jackson's likeness, and Plaintiff's unsupported contention that it is entitled to $750 for each use of Michael Jackson's likeness is not warranted by the statute or case law interpreting the statute. In the absence of proof of actual damages, the Court is limited to awarding statutory damages in the amount of $750 for Defendant's violation of California Civil Code § 3344.1.

      c.    <u>Attorney's Fees</u>

Plaintiff is entitled to attorney's fees as a prevailing party under both California Civil Code § 3344.1(a)(1) and 17 U.S.C. § 505. On a motion for default judgment, this Court's Local Rule 55-3 states that the fees shall be calculated according to a certain schedule. *See* L.R. 55-3. That schedule provides for fees of $1200 plus six percent of the amount over $10,000 where the

---

[2] Although the court conducted its analysis under § 3344 and not § 3344.1, the two provisions are related in that § 3344 generally forbids the unauthorized use of a person's name or likeness to sell merchandise, while § 3344.1 generally forbids the unauthorized use of a deceased personality's name or likeness to sell merchandise. *Compare* Cal. Civil Code § 3344, *with* Cal. Civil Code § 3344.1.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#192**

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-9066 PSG (CWx) | Date | February 11, 2011 |
|---|---|---|---|
| Title | Bravado International Group Merchandising Services, Inc. v. Cha, *et al.* | | |

Court awards between $10,000.01 and $50,000. *See id.*. In this case, the Court awards a statutory award of $40,000 under 17 U.S.C. § 504 and a statutory award of $750 under California Civil Code § 3344.1, for a total of $40,750. Therefore, the proper attorney's fees award is $3,045.

IV.  Conclusion

Based on the foregoing, the Court GRANTS Plaintiff's motion for default judgment against Defendant Maggi Fashion Wholesale, Inc. and CONTINUES the motion against Defendant Mansour Rokhsarzadeh. In granting the motion against Maggi Fashion, the Court awards statutory damages in the amount of $40,000 under 17 U.S.C. § 504 and $750 under California Civil Code § 3344.1. The Court also awards attorney's fees in the amount of $3,045 pursuant to Local Rule 55-3. The total judgment against Maggi Fashion amounts to $43,795.

**IT IS SO ORDERED.**